IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DARLENE D. WINN and VANESSA CUSHENBERRY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 19-2715-EFM |
| ENSIGN U-HEALTHCARE RESORT OF LEAWOOD, | ) ) ) ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiffs Darlene D. Winn and Vanessa Cushenberry, proceeding pro se, bring this employment-discrimination action against their former employer, Ensign U-Healthcare Resort of Leawood, alleging they were discriminated against because of their race and retaliated against for complaining to management. They have filed a motion requesting the court appoint them counsel (ECF No. 4). For the reasons discussed below, the motion is denied.

In civil actions, such as this one, there is no constitutional right to appointed counsel.[1] The court is not obligated to appoint counsel in every employment-

---

[1] *Swafford v. Asture*, No. 12-1417-SAC, 2012 WL 5512038, at *1 (D. Kan. Nov. 14, 2012) (citing *Carper v. DeLand,* 54 F.3d 613, 616 (10th Cir. 1995) and *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989)).

discrimination case.² The decision to appoint counsel lies solely in the court's discretion, which should be based on a determination that the circumstances are such that a denial of counsel would be fundamentally unfair.³ "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."⁴ The court also considers the efforts made by the litigant to retain his own counsel.⁵

The court does not find it appropriate to appoint counsel for plaintiffs. A review of the papers prepared and filed by plaintiffs indicate they are capable of presenting the case without the aid of counsel, particularly given the liberal standards governing pro se litigants. The factual and legal issues in the case are not extraordinarily complex. The court has no doubt that the district judge assigned to this case will have little trouble discerning the applicable law. It does not appear that this case presents any atypical or complex legal issues. The court must also consider the merits of plaintiffs' claims. Based

---

²*Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

³*Id.*

⁴*Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991); *see also Joe Hand Prods., Inc. v. Tribelhorn*, No. 11-2041, 2011 WL 2516700, at *1 (D. Kan. June 23, 2011) (applying the *Long* factors to a defendant's request for appointment of counsel).

⁵*Lister v. City of Wichita, Kan.,* 666 F. App'x 709, 713 (10th Cir. 2016) (quoting *Castner,* 979 F.2d at 1420)); *Tilmon v. Polo Ralph Lauren Factory Store,* No. 17-2383-JAR, 2017 WL 3503678, at *1 (D. Kan. July 6, 2017).
19-2715-EFM-4.docx

on the limited factual allegations presented in the complaint, the court is unable to determine whether plaintiffs' claims are particularly meritorious. Finally, it appears plaintiffs only have contacted three attorneys in an attempt to retain their own counsel.

In the end, the court concludes this is not a case in which justice requires the appointment of counsel. If plaintiffs devote sufficient efforts to presenting the case, the court is certain they can do so adequately without the aid of counsel. Plaintiffs' request for appointment of counsel therefore is denied.

Each plaintiff is hereby informed that, within 14 days after being served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting the presiding U.S. district judge to review this order. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

A copy of this order shall be sent by regular mail to each plaintiff.

IT IS SO ORDERED.

Dated November 21, 2019, at Kansas City, Kansas.

                                            s/James P. O'Hara
                                            James P. O'Hara
                                            U.S. Magistrate Judge