# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DARLENE D. WINN

and

VANESSA CUSHENBERRY,

    *Plaintiffs,*

vs.

    Case No. 19-cv-2715-EFM-JPO

ENSIGN U-HEALTHCARE RESORT OF LEAWOOD,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiffs Darlene Winn and Vanessa Cushenberry filed suit against Defendant Ensign U-Healthcare Resort of Leawood[1] asserting claims of racial discrimination, hostile work environment, and retaliation. Defendant has filed a Motion to Dismiss, or in the Alternative, Stay the Case and Compel Arbitration (Doc. 11). The motion is unopposed because Plaintiffs failed to file a response. For the reasons stated in more detail below, the Court denies the motion to dismiss and grants the motion to stay and compel arbitration.

    **I.**    **Factual and Procedural Background**

---

[1] Defendant contends that its proper name is Iron Horse Healthcare, Inc. d/b/a/ The Healthcare Resort of Leawood.

Plaintiffs filed suit on November 21, 2019 alleging race discrimination, hostile work environment, and retaliation occurring between January and May of 2019 and August through September 2019. The allegations are sparse, but they claim that they could not call in absent to the workplace without being threatened. Plaintiff Winn filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that in January 2019, a co-worker made a racist comment about hating Africans. Winn states that she reported the comment to management, but no corrective action was taken. In addition, Winn alleges that management began to harass her and retaliate against her after reporting the complaint which made the workplace hostile. Winn alleges that she was constructively discharged in June 2019.[2]

Defendant filed a Motion to Dismiss, or in the Alternative, Stay the Case and Compel Arbitration. Defendant attached its "Mutual Agreement to Arbitrate Claims" with both Winn and Cushenberry. Winn's contract was signed on September 19, 2017, and Cushenberry's contract was signed on January 25, 2018. Plaintiff did not file a response to Defendant's motion.

## II.     Legal Standard

Arbitration is a matter of contract, and a party must arbitrate only those disputes that they have agreed to submit to arbitration.[3] If a contract contains an arbitration provision, there is a presumption of arbitrability.[4] Whether the parties agreed to arbitrate a dispute is an issue for

---

[2] The only specific allegation relating to Cushenberry is that she could not call in to work without being threatened about her attendance. Plaintiff Winn attached her EEOC charge to the Complaint. It is unclear whether Cushenberry also filed an EEOC charge but there are no allegations that she did so.

[3] *AT&T Techs., Inc. v. Commc'ns Workers of America*, 475 U.S. 643, 648 (1986); *WIHO, L.L.C. v. Hubbauer*, 2013 WL 3756547, at *1 (D. Kan. 2013) (citation omitted).

[4] *AT&T Techs.*, 475 U.S. at 650; *Gratzer v. Yellow Corp.*, 316 F. Supp. 2d 1099, 1103 (D. Kan. 2004).

judicial determination unless the parties clearly and unmistakably provide otherwise.[5] Whether there is an enforceable arbitration agreement is a matter of state contract law to be decided by the court.[6] A defendant seeking to compel arbitration has the initial burden to show enough evidence of an enforceable agreement to arbitrate. If the defendant meets this burden, the plaintiff must show a genuine issue of material fact as to the validity of the agreement.[7] Doubts should be resolved in favor of arbitration.[8]

The Federal Arbitration Act provides that arbitration agreements are valid and enforceable subject to the same legal grounds for the revocation of any contract.[9] A federal district court may compel arbitration when it would have jurisdiction in the underlying dispute.[10] Finally, a court must stay litigation on a matter that the parties have agreed to arbitrate.[11]

### III.   Analysis

Defendant provided copies of both arbitration agreements. Both contracts clearly include a clause requiring claims related to race discrimination, harassment, or retaliation to be submitted to arbitration. Plaintiffs did not respond to Defendant's motion. Thus, they do not dispute and do

---

[5] *AT&T Techs.*, 475 U.S. at 649; *Gratzer*, 316 F. Supp. 2d at 1103.

[6] *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 777 (10th Cir. 2010). This Court applies Kansas law.

[7] *SmartText Corp. v. Interland, Inc.*, 296 F. Supp. 2d 1257, 1263 (D. Kan. 2003).

[8] *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298 (2010); *Newmont U.S.A. Ltd. v. Ins. Co. of North America*, 615 F.3d 1268, 1275 (10th Cir. 2010).

[9] 9 U.S.C. § 2.

[10] 9 U.S.C. § 4.

[11] 9 U.S.C. § 3.

not raise a genuine issue of material fact that their dispute is covered by their arbitration agreements. Accordingly, the only question to resolve is whether to dismiss or stay the case.

Defendant requests dismissal of the case because all issues will be decided by arbitration. In the alternative, Defendant requests a stay. In the Tenth Circuit, district courts "are obligated to stay litigation upon request of a party, rather than dismiss the action" in accordance with § 3 of the FAA.[12] This statute specifically provides that a district court "*shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[13] Thus, the Court is required to stay the proceedings instead of dismissing the case.[14]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, or in the Alternative, Stay the Case and Compel Arbitration (Doc. 11) is **DENIED IN PART** and **GRANTED IN PART**. The Court declines to dismiss the case but instead orders it stayed while the parties submit to arbitration. Defendant shall file a status report by December 1, 2020, advising the Court whether this matter has been resolved or whether arbitration is still pending.

---

[12] *P1 Group, Inc. v. Inabensa USA, LLC*, 2014 WL 4261405, at *2 (D. Kan. 2014) (citing *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 771 (10th Cir. 2010)); *see also Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994)).

[13] 9 U.S.C. § 3 (emphasis added).

[14] *See Adair*, 25 F.3d at 955 (noting that if a party requests a stay of the case pending arbitration, the district court must grant it in accordance with 9 U.S.C. § 3). Defendant asserts that the Tenth Circuit has held that it is within the district court's discretion whether to dismiss an action when it is clear the entire controversy will be resolved by arbitration, relying on *Armijo v. Prudential Ins. Co. of America*, 72 F.3d 793, 797 (10th Cir. 1995). In *Armijo*, however, the Tenth Circuit determined that the parties had not requested a stay and thus it was not error for the district court to compel arbitration and dismiss the case. *Id.* at 797. Here, Defendant requested a stay in the alternative of dismissal.

**IT IS SO ORDERED**.

Dated this 2nd day of June, 2020.

                                            ERIC F. MELGREN
                                            UNITED STATES DISTRICT JUDGE